# ROCKINGHAM,

## JULY TERM, A. D. 1844.

### WILLEY v. EPPING.

The provisions of the act of June 23, 1842, limiting the amount of the damages recoverable by land-owners for lands taken for highways, to the actual damages sustained, are not applicable in cases where the road was laid out, and damages were awarded, and the report of the road commissioners was accepted by the court, prior to the passage of the act before named.

DEBT. The Court of Common Pleas for the county of Strafford, at their October term 1832, appointed a committee upon the petition of John Dow and others, to lay out a new highway, and widen and straighten the old highway, if they should see cause, from a point on the line between the towns of Dover and Madbury, through the towns of Madbury, Durham, and Lee, to a certain point in Epping.

The committee examined the route and laid out a new highway, and widened and straightened the old highway on the route petitioned for, and laid out the same over the land of the plaintiff in Epping, and assessed and awarded to the several owners of the land over which the highway passed, the damages by them respectively sustained, and among others assessed and awarded to the plaintiff the sum of eighty dollars, for the damages by him sustained.

The committee made a report of all their doings thereon, to the Court of Common Pleas, and the court at a term thereof holden at Dover on the third Tuesday of

Willey *v.* Epping.

January, A. D. 1833, accepted the report, and decreed that the road described in the report be laid out, and that the several towns pay to the several owners of the lands over which the same passes the sums as assessed by the committee as damages within such town. The road was never opened, or used, or entered upon as a highway, but was discontinued by the Court of Common Pleas February term 1838.

This action was commenced July 11, 1842, and was brought by the plaintiff to recover the said sum of eighty dollars and interest thereon, being the sum awarded to him by said committee as aforesaid. Judgment was to be rendered in this action or the action to stand for trial, according to the opinion of the court upon the foregoing case.

*Stickney,* for the plaintiff.

*Christie,* for the defendant.

Woods, J. By the statute of July 3, 1829, N. H. Laws 576, it is provided, that when a highway is laid out by a committee appointed for that purpose by the Court of Common Pleas, the committee shall assess the damages to be paid by the towns to the individuals over whose lands, lying within the limits of those towns, the highway shall be laid, and that the towns shall pay those damages. By this law the statute of February 8, 1791, which authorized the court laying out such highway to issue execution for such damages in favor of the several parties entitled, was repealed. Laws of N. H. 576–7. There being, therefore, no other way provided by law, till the statute of December 23, 1840, an action of debt lay immediately upon the laying out of the highway and the assessment of damages in favor of the party to whom they were awarded. Of course the plaintiff in this suit is entitled to recover, if nothing has since intervened to defeat his claim.

In *Hampton* v. *Coffin,* 4 N. H. 517, the damages awarded had been paid over in pursuance of an order from the Court of Common Pleas, who possessed at that time the authority, under the act of February 8, 1791, to award execution. After the sum awarded had been paid, an action was brought by the town—having in the meantime discontinued the road—to recover back the sum so paid. But it was held that they could not maintain an action for such a purpose. The court say, that "When a highway is legally laid out through the land of an individual, the public acquires a right of passage, which is an incumbrance upon the land, for which the owner is justly entitled to a fair compensation." "A highway thus established may continue for ages ; but when it is discontinued, by whatever agency, or for whatever cause (such is in effect the language of the court), its discontinuance does not entitle the town to recover back the price they have paid for the easement. They have enjoyed, or at least they might have enjoyed, had they chosen to do so, what they had paid for, and there is no reason why the party who has received the pay should not retain it.

The case is not changed, so far as the reasoning of the court in that particular applies, by the different attitude in which these parties stand, by reason of the change of the law. By the laying out of the road, this plaintiff became entitled to recover his damages, and, as in the other case, nothing has since happened to defeat his claim. The award was in the nature of a judgment.

The statute of June 23, 1842, to which the attention of the court has been called, provides for limiting the damages to be recovered in actions brought for purposes like those of the present, to such amount as the plaintiff shall have suffered, without regard to the sum awarded ; provided, that before the final trial the road shall have been discontinued.

The second section limits the time for commencing ac-

tions in cases where the roads have been discontinued at the time of the passage of the act, in such a way as would, perhaps, defeat the rights of such as had not given the thirty days' notice required by the act of December 23, 1840.

However that may be, and whether the intention of the act was to embrace cases in which the right to recover the damages assessed had actually become fixed, or only to be applied to cases to arise after the date of the statute, no law can be so construed as to defeat and annul a debt fairly due and established, as was the present. The constitution would prevent an act of the general court from so operating, since it would be retrospective in its action, and have the effect of taking from an individual that which is his own according to law.

*Judgment for the plaintiff.*